Marc A. Collins (Bar No. 136769)
Peter Solimon (Bar No. 269660)
Mitchell Chang (Bar No. 270093)
CHOICE BANKRUPTCY LAWFIRM, LLP
3699 Wilshire Blvd., Suite 720
Los Angeles, CA 90010
Tel: (213) 639-3888
Fax: (213) 383-8280
marc@choicelaw.org

Attorneys for Debtor and
Debtor-In-Possession, Mark Allen Hestrin

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION

| | |
|---|---|
| In Re:<br><br>Mark Allen Hestrin,<br><br>Debtor | Case No. 1:11-bk-17191 AA<br>**Chapter 11**<br><br>**NOTICE OF MOTION AND MOTION FOR SUBSTANTIVE CONSOLIDATION OF RELATED CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF MARK HESTRIN**<br><br>Date:<br>Time:<br>Place: |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:

    **PLEASE TAKE NOTICE** that on _____, at _____, in Courtroom _____ of the United States Bankruptcy Court, located at 21041 Burbank Boulevard, Woodland Hills, California, Mark Hestrin ("Hestrin") and Galaxy Administration, LLC. ("Galaxy"), Debtors and Debtors-In-Possession in the above-referenced cases (collectively "Debtors"), will move this

1  Court for substantive consolidation of their Chapter 11 and 7 bankruptcy cases pursuant to 11
2  U.S.C. §105.

3      Hestrin is an anesthesiologist. In addition to his primary profession, in 2005 Hestrin began
4  acquiring real properties for investment purposes that he rented and managed. As an
5  anesthesiologist primarily working in the cosmetology industry, Debtor's income began to
6  drastically decrease as the economy faltered, due to patients' decreasing willingness to undergo
7  sometimes expensive elective surgeries.

8      Debtor transferred title of his properties to Galaxy Administration, LLC ("Galaxy") during
9  or about 2010. Galaxy was formed for the specific purpose of renting and managing these real
10 properties. Since 2010, Galaxy has held title to the properties while Debtor Mark Hestrin held the
11 mortgage debt on each of the properties.

12     On February 16, 2011, Galaxy filed for protection under Chapter 7 of the Bankruptcy Code
13 to prevent foreclosure on two of Debtor's properties: 1278 Spring Road, Santa Barbara,
14 California 93108 ("1278 Spring Road Property"), and 1280 Spring Road, Santa Barbara,
15 California 93108 ("1280 Spring Road Property").

16     As Galaxy was only in a Chapter 7 at the time, Galaxy was required by Court order to
17 make adequate protection payments to the secured lenders on those two properties, and to keep all
18 post-petition real property taxes current, pending the filing of this Chapter 11.

19     Although Galaxy and Dr. Hestrin were able to do so for a period of time, by or about May
20 2011, Galaxy began to default on these adequate protection orders, and on or about May 26, 2011,
21 Orders Granting the lenders' Motions For Relief From The Automatic Stay Under 11 U.S.C §362
22 were entered by this Court on May 26, 2011 (related to the 1280 Spring Road Property), and May
23 27, 2011 (related to the 1278 Spring Road Property).

24     Concurrently with the commencement of this Chapter 11 case, Debtor Mark Hestrin has
25 filed this Motion to Substantively Consolidate this case with Galaxy's Chapter 7 case, so that both
26 the title and debts are before this Court, and so that Debtor herein is able to reorganize and
27 restructure the debts on these properties.

28

1  Debtor is also filing emergency motions for use of the cash collateral (rents) earned on
2  these two properties, and will file Motions to Value the secured liens on all three of his rental
3  properties, to lower the amount of the first lien to the present market value of the property, and to
4  strip all wholly unsecured junior liens on those properties.

5  The Motion is based on 11 U.S.C. §105(a), this Notice of Motion and Motion, the attached
6  Memorandum of Points and Authorities and the accompanying Declaration of Mark Hestrin in
7  support in support of the Motion, the statements, arguments, and any other evidence properly
8  presented to the Court.

9  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-
10  1(f), "each interested party opposing, joining, or responding to the motion shall file and serve not
11  later than 14 days before the date designated for hearing either:

12      A. A brief but complete written statement of all reasons in opposition hereto or in
13         support or joinder thereof, and answering memorandum of points and
14         authorities, declarations and copies of all photographs and documentary
15         evidence on which the responding party intends to rely. The opposing papers
16         shall advise the adverse party that any reply to the opposition shall be filed with
17         court and served on the opposing party not later than 7 days (not excluding
18         Saturdays, Sundays and legal holidays) prior to the hearing on the motion; or
19      B. A written statement that the motion will not be opposed.

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

3
Notice of Motion and Motion for Substantive Consolidation

1 | **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule
2 | 9013.1(h):
3 | "Papers not timely filed and served may be deemed by the court to be consent to
4 | the granting or denial of the motion, as the case may be.

Dated: June 10, 2011

CHOICE BANKRUPTCY LAW FIRM, LLP

By: _____
Marc A. Collins
Peter Solimon
Mitchell Chang,
Attorneys for Debtor and Debtor-In-Possession,
Mark Hestrin and Galaxy Administration, LLC

Main Document    Page 5 of 10

## MEMORANDUM OF POINTS AND AUTORITIES

### I.

### STATEMENT OF FACTS

On June 10, 2011, Mark Hestrin ("Hestrin") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code. Previously on February 16, 2011, Galaxy Administration, LLC ("Galaxy") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code. The debtors continue to manage their financial affairs as Debtors-In-Possession and Debtor pursuant to 11 U.S.C. §§ 1107 and 1108. (Hestrin and Galaxy shall be collectively referred to as "Debtors.")

Galaxy is a Delaware Corporation formed by Hestrin in connection with the transfer of the real properties owned by Hestrin. Hestrin is the sole member and manager of Galaxy, and Galaxy was formed for the specific purpose of renting and managing three single family residences located Santa Barbara, California.

On February 16, 2011, Galaxy filed for protection under Chapter 7 of the Bankruptcy Code to prevent foreclosure on two of Debtor's properties: 1278 Spring Road, Santa Barbara, California 93108 ("1278 Spring Road Property"), and 1280 Spring Road, Santa Barbara, California 93108 ("1280 Spring Road Property").

As Galaxy was only in a Chapter 7 at the time, Galaxy was required by Court order to make adequate protection payments to the secured lenders on those two properties, and to keep all post-petition real property taxes current, pending the filing of this Chapter 11.

Although Galaxy and Hestrin were able to do so for a period of time, by or about May 2011, Galaxy began to default on these adequate protection orders, and on or about May 26, 2011, Orders Granting the lenders' Motions For Relief From The Automatic Stay Under 11 U.S.C §362 were entered by this Court on May 26, 2011 (on the 1280 Spring Road Property), and May 27, 2011 (on the 1280 Spring Road Property).

Concurrently with the commencement of this Chapter 11 case, Debtor filed this Motion to Consolidate this case with Galaxy's Chapter 7 case, so that both the title and debts are before this Court, and so that Debtor herein is able to reorganize and restructure the debts on these properties. Debtor is also filing his emergency motions for use of the cash collateral (rents) earned on all three

Notice of Motion and Motion for Substantive Consolidation

1 rental properties, and will file Motions to Value the secured liens on all three of his rental homes,
2 to lower the amount of the first lien to the present market value of the property, and to strip all
3 junior liens on those properties.
4     Since Galaxy has no other source of income other than the rents and the assistance it
5 receives as a result of Hestrin's professional services, it appears impossible to effect
6 reorganization without consolidating the estates.

## II.

## LEGAL AUTHORITIES

9     Substantive consolidation of estates is not mentioned in the Code or Federal Rules of
10 Bankruptcy Procedure. However, such relief may be authorized, in appropriate cases, under
11 Section 105(a) of the Code. That section provides that "[t]he court may issue any order, process,
12 or judgment that is necessary or appropriate to carry out the provisions of this title" 11 U.S.C.
13 §105(a). "The bankruptcy court's power of substantive consolidation has been considered part of
14 the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898."
15 In re Bonham, 229 F. 3d 750, 763 (9th Cir. 2000).
16     The "nearest non-bankruptcy analogy" to substantive consolidation "is the merger of two
17 corporations under state law." In re Parkway Calabasas, Ltd., 89 B.R. 832, 836 (Bankr. C.D. Cal.
18 1988), aff'd 949 F.2d 1058 (9th Cir. 1991). Judge Bufford held that:

19     "In place of two or more debtors, each with its own estate and body of
20     creditors, substantive consolidation substitutes a single debtor, a single estate
21     with a common fund of assets, and a single body of creditors [citations
22     omitted]. Assets and liabilities of each entity are pooled and inter-entity
23     accounts and claims are eliminated. Creditors of the separate entities become
24     creditors of the consolidated entity. Duplicative claims by creditors, uncertain
25     as to which debtor owes their debts, are eliminated."
26 Id. At 836-37.
27     Although substantive consolidation is analogized to cases involving the merger of
28 corporations, it is not limited to corporate cases. Published cases are clear that estates of individual

1  debtors (e.g., Hestrin) may be consolidated with estates of corporate debtors (Galaxy). For
2  example, in Sampsell v. Imperial Paper & Color Corp., 313 U.S. 21, 61 S. Ct. 904 (1941), the
3  Supreme Court approved the consolidation of the estate of an individual debtor with the estate of
4  his corporation. More recently, in In re Bonham, the Ninth Circuit affirmed substantive
5  consolidation of the estate of an individual debtor with two non-debtor closely-held corporations.
6  In re Bonham, supra, 229 F. 3d at 771.
7       In determining whether to order the substantive consolidation of estates, the Court must
8  consider whether the debtors affairs are so entangled that consolidation will benefit all creditors,
9  and whether creditors dealt with the entities as a single economic unit and did not rely on their
10 separate identities in extending credit. In re Bonham, 229 F. 3d at 776. The presence of either
11 factor is a sufficient basis to order substantive consolidation. Id. Under the first factor, substantive
12 consolidation is justified if "the time and expense necessary even to attempt to unscramble them
13 [is] so substantial as to threaten the realization of any net assets for all creditors' or where no
14 accurate identification and allocation of assets is possible." Id. (quoting In re Augue/Restivo, 860
15 F.2d 515, 519 (2d Cir. 1988)). The second factor "is based on the consideration that lenders
16 'structure their loans according to their expectations regarding that [particular] borrower and do
17 not anticipate either having the assets or a more sound company available in the case of insolvency
18 or having the creditors of a less debtor compete for the borrower's assets.' Id. (quoting In re
19 Augue/Restivo, 860 F.2d 518-19).
20      In this case, Hestrin is personally liable for repayment of the secured debts on all properties
21 owned by Galaxy. Galaxy relies on Hestrin for the payment of any expenses that it doesn't have
22 sufficient resources to pay. In addition, no lender would provide loans to Galaxy without requiring
23 a guaranty from Hestrin or the cross-collateralization of assets among Galaxy and Hestrin.
24 Accordingly, the affairs of both estates are so entangled as to render the Debtor's ability to
25 propose individual plans of reorganization onerous to an impossible degree. The best solution is to
26 substantively consolidate the case so that one plan of reorganization may be proposed
27 encompassing both cases.
28

1  Courts have authorized substantive consolidation with certain conditions in order to
2  promote the reorganization or related cases even absent substantial entanglements. <u>In re Bashas,</u>
3  <u>Inc.,</u> 437 B.R. 874 (Bankr. Az. 2010). The Court, <u>In re Standard Brands Paint Company,</u> 154 B.R.
4  563, (Bankr. C.D. Calif. 1993), authorized substantive consolidation to affect the following:

    1. To treat the assets of related debtors as a single estate;

    2. To treat all claims as being a claim against the consolidated estate;

    3. Have a single plan of reorganization will all creditors to vote as if they were creditors of the single consolidated estate; and

    4. Eliminate duplicate claims and claims among related debtors.

<u>Id.</u>, at page 566-567.

### III.

### **CONCLUSION**

Based on the foregoing, Hestrin and Galaxy submit that approval of the Motion is in the best interest of the Debtors' estate and respectfully requests that the Court enter an order:

    1. Granting the Motion in its entirety;

    2. Approving the substantive consolidation of the cases on terms set forth in the Motion;

    3. Granting such other and further relief as the Court deems just and proper under the circumstances of the Cases.

Dated:  June 10, 2011         CHOICE BANKRUPTCY LAW FIRM, LLP

                           By: _____
                                Marc A. Collins
                                Peter Solimon
                                Mitchell Chang,
                                Attorneys for Debtor and Debtor-In-Possession, Mark Hestrin

# DECLARATION OF MARK HESTRIN

1. I am over the age of eighteen and I am a managing and sole member of Galaxy Administration, LLC ("Galaxy"). Each of the facts contained in this Declaration is based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2. I am an anesthesiologist. In addition to my primary profession, in 2005 I began acquiring real properties for investment purposes that I rented and managed. As an anesthesiologist primarily working in the cosmetology industry, my income began to drastically decrease as the economy faltered, due to patients' decreasing willingness to undergo sometimes expensive elective surgeries. I was also not able to rent the properties for as much as they could probably command in a downturn economy.

3. I transferred title of my properties to Galaxy during or about 2010. Galaxy was formed for the specific purpose of renting and managing these real properties. Since 2010, Galaxy has held title to the properties while I held the mortgage debt on each of the properties.

4. On February 16, 2011, Galaxy filed for protection under Chapter 7 of the Bankruptcy Code to prevent foreclosure on two of its properties: 1278 Spring Road, Santa Barbara, California 93108 ("1278 Spring Road Property"), and 1280 Spring Road, Santa Barbara, California 93108 ("1280 Spring Road Property").

5. As Galaxy was only in a Chapter 7 at the time, Galaxy was required by Court order to make adequate protection payments to the secured lenders on those two properties, and to keep all post-petition real property taxes current, pending the filing of this Chapter 11. I believe that had I been able to commence a Chapter 11 case first, the amounts payable to these lenders, if at all, might have been substantially less, and perhaps only the amount of net proceeds from rents on these two properties.

6. Although Galaxy (with my help) was able to do so for a period of time, by or about May 2011, Galaxy began to default on these adequate protection orders, and on or about May 26, 2011, Orders Granting the lenders' Motions For Relief From The Automatic Stay Under 11 U.S.C

1 §362 were entered by this Court on May 26, 2011 (related to the 1280 Spring Road Property), and May 27, 2011 (related to the 1278 Spring Road Property).

7. Concurrently with the commencement of this Chapter 11 case, I have filed this Motion to Substantively Consolidate this case with Galaxy's Chapter 7 case, so that both the title and debts are before this Court, and so that the consolidated Debtor is able to reorganize and restructure the debts on these properties.

8. The consolidated Debtor is also filing emergency motions for use of the cash collateral (rents) earned on these two properties, and will file Motions to Value the secured liens on all three of these rental properties, to lower the amount of the first lien to the present market value of the property, and to strip all wholly unsecured junior liens on those properties.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 10th day of June, 2011, at Calabasas, California.

_____

MARK ALLEN HESTRIN