LAW OFFICES
**GRAHAM • VAAGE LLP**
500 NORTH BRAND BOULEVARD
SUITE 1030
**GLENDALE, CALIFORNIA 91203**
(818) 547-4800  FAX: (818) 547-3100

**Susan L. Vaage, SBN 83125**
**Ann G. Lee, SBN 252412**

Attorneys for Creditor, Pacific Capital Bank, N.A.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | **CASE NO. 1:11-bk-17191-GM** |
| MARK ALLAN HESTRIN, | **Chapter 11** |
| Debtor. | **OPPOSITION OF CREDITOR PACIFIC CAPITAL BANK, N.A. TO DEBTOR'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF RELATED CHAPTER 7 BANKRUPTCY CASE** |
| | **Date:** June 21, 2011<br>**Time:** 10:00 AM<br>**Ctrm:** 303 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Creditor, Pacific Capital Bank, N.A. ("Bank"), and responds to Debtors's Motion for Substantive Consolidation of Related Chapter 7 Bankruptcy Case currently set to be heard on June 21, 2011 at 10:00 a.m. in Courtroom 303 of the above-entitled Court, located at 21041 Burbank Blvd., Woodland Hills, CA 91367.  Bank opposes Debtor's proposed consolidation of the above-entitled Chapter 11 case with the Chapter 7 case of Galaxy Administration, LLC.

///

///

1

Opposition of Creditor Pacific Capital Bank, N.A. to Debtor's Motion for Substantive Consolidation of Related Chapter 7
Bankruptcy Case

1       In support of said Opposition, Bank submits the attached Memorandum of Points and

2   Authorities, Declaration of Karen Blume, all pleadings and papers on file in this action and any oral

3   and documentary evidence that may be presented at the time of hearing.

4   Dated:  June 14, 2011                                    **GRAHAM VAAGE LLP**

5

6                                                            By:  *Ann G. Lee*

7                                                                 **Susan L. Vaage**
                                                                 **Ann G. Lee**
8                                                                 Attorneys for Creditor
                                                                 Pacific Capital Bank, N.A.
9

10

11

12

13   GRAHAM • VAAGE LLP
14   500 NORTH BRAND BOULEVARD, SUITE 1030
     GLENDALE, CALIFORNIA 91203
15   (818) 547-4800  FAX: (818) 547-3100

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition of Creditor Pacific Capital Bank, N.A. to Debtor's Motion for Substantive Consolidation of Related Chapter 7 Bankruptcy Case

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    INTRODUCTION.**

On or about March 7, 2008, Mark A. Hestrin ("Hestrin") executed an Interest-Only Period Adjustable Rate Note ("Note") in favor of Bank for a mortgage loan in the principal sum of $1,365,000.00. Said Note was secured by a first priority position Deed of Trust ("Deed") on the real property commonly known as 1278 Spring Road, Santa Barbara, CA 93108 ("Property"). Hestrin defaulted on the Note in that he has failed to make the payment due on July 1, 2010 and all payments due thereafter.

On or about March 17, 2008, Hestrin transferred the Property to Beemer Trust. Thereafter, on or about March 26, 2010, Beemer Trust transferred the Property to Galaxy Administration, LLC (hereinafter "Galaxy"). Said transfers of the Property were done without the knowledge and consent of Bank.

A Trustee's Sale of the Property was scheduled to take place on January 19, 2011.

On that same date, January 19, 2011, Galaxy filed a Chapter 7 Petition in the U.S. Bankruptcy Court for the Central District of California, Case No. 1:11-bk-10755-GM, which prevented the Trustee's Sale from going forward. Said bankruptcy was dismissed on February 10, 2011, as a result of Debtor's failure to file its schedules.

Thereafter, Bank scheduled a Trustee's Sale of the Property to take place on February 16, 2011. On that same date, February 16th, Galaxy again filed a Chapter 7 Petition, Case No. 1:11-bk-11977-GM, which prevented the Trustee's Sale from going forward.

On January 27, 2011, Hestrin, as an individual plaintiff, filed a lawsuit against Bank and the foreclosure trustee in Santa Barbara County Superior Court, claiming lender violation of the non-judicial foreclosure laws. In his state court Complaint, Hestrin claimed that he was the owner of the Property, and that it was his primary residence – contrary to Galaxy's assertions in its bankruptcy proceeding wherein Galaxy claimed to be the owner of the Property and represented to the Court that the Property was not the residence of Hestrin. Bank demurred to Hestrin's state court Complaint. One day before the hearing on the demurrer, Hestrin dismissed the state court action after reviewing the court's tentative ruling to sustain Bank's demurrer as to all causes of action.

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800 FAX: (818) 547-3100

3

1  On March 9, 2011, Bank filed a Motion for Relief from the Automatic Stay in Galaxy's

2 bankruptcy proceeding, which was set for hearing on April 6, 2011.

3  On April 11, 2011, the Court entered an Interim Order Granting Motion for Relief from the

4 Automatic Stay (hereinafter "Interim Order"), requiring Galaxy to make the following payments:

5 one payment in the amount of $6,825.00 to Bank's counsel on or before April 15, 2011; payment of

6 the real property tax installment due on April 10, 2011; and one payment of $6,825.00 to Bank's

7 counsel at the continued hearing on Bank's Relief from Stay Motion on May 11, 2011.

8  Galaxy failed to pay the real property tax installment due on April 10, 2011, and failed to

9 deliver a cashier's check for $6,825.00 to Bank's counsel at the continued hearing on May 11, 2011,

10 in violation of the Court's Interim Order.  As a result, the Court granted relief from the automatic

11 stay, but ordered that the trustee's sale could not take place before June 10, 2011.  At the May 11th

12 hearing, the Court stated that the burden was now on Galaxy to seek to modify the Court's Order,

13 and the Court warned Galaxy's counsel not to file something the day before June 10th and expect the

14 Court to modify its Order granting relief from stay.  The Order granting relief from stay, entered on

15 May 26, 2011, noted that the filing of the petition by Galaxy was part of a scheme to delay, hinder

16 and defraud creditors that involved transfer of ownership of the Property without the consent of the

17 secured creditor and multiple bankruptcy filings affecting the Property.  Galaxy did not file any

18 motion, declaration, or other document seeking to modify the Court's Order granting relief from

19 stay.

20  On June 10, 2011, Bank proceeded with the Trustee's Sale of the Property, pursuant to the

21 Order granting relief from stay, and the Property was sold to Bank.

22  On June 10, 2011, Hestrin filed an individual Chapter 11 Petition at approximately 11:16

23 a.m., less than two hours prior to the Trustee's Sale of the Property.  On that same date, Hestrin's

24 counsel faxed a letter to Bank's counsel giving notice of Hestrin's bankruptcy filing and stating that

25 "it is our belief that the automatic stay protects Debtors' four properties from foreclosure action",

26 without citing any authority for their position that an individual bankruptcy filing by Hestrin could

27 somehow stop the foreclosure sale as to the Property owned by Galaxy, for which Bank had already

28 obtained relief from stay.

GRAHAM · VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800 FAX: (818) 547-3100

4

1  Bank became aware that Hestrin's counsel attempted to halt the Trustee's Sale by informing

2  the foreclosure trustee of Hestrin's individual bankruptcy filing. Hestrin's last-minute bankruptcy

3  filing did not stop the Trustee's Sale, as Hestrin is not the record owner of the Property, and relief

4  from the automatic stay had been granted as to the owner, Galaxy, one month prior to the sale.

5  Hestrin's bankruptcy Schedules, executed under penalty of perjury, indicate that he owns no real

6  property.

7  On the afternoon of June 10, 2011, Hestrin's counsel faxed a letter to Bank's counsel,

8  demanding that the trustee's sale be rescinded, or a motion alleging willful violation of the

9  automatic stay would be filed. Bank's counsel responded in writing, explaining that the foreclosure

10  sale was authorized in light of the Order granting relief from stay, which Galaxy did not seek to

11  modify. Moreover, there is no claim that the Property belongs to the individual, Hestrin. It is

12  owned by the entity, Galaxy, and has not been transferred. There was no knowing violation of the

13  stay by Bank, counsel for Bank, or the foreclosure trustee, as the stay had already been lifted when

14  the sale took place. In light of the May 26th Order granting relief from stay and the fact that title is

15  held in the name of Galaxy (not Hestrin), Bank was entitled to proceed with the foreclosure sale.

16  Galaxy owns an adjacent parcel of real property located at 1280 Spring Road, Santa Barbara,

17  CA 93108 (hereinafter "Adjacent Property"). An Interim Order pertaining to the Adjacent Property,

18  requiring adequate protection payments to secured creditor Northern Trust, NA ("Northern Trust")

19  and payment of post-petition property taxes was also issued by this Court. The Debtor defaulted in

20  said payments, and the Court entered an Order granting relief from the automatic stay as to Northern

21  Trust on May 27, 2011. It is Bank's understanding that a trustee sale of the Adjacent Property is set

22  for July 1, 2011.

23  Hestrin states in his moving papers that the purpose for his Motion is to ensure that "both the

24  title and debts are before this Court, and so that Debtor herein [Hestrin] is able to reorganize and

25  restructure the debtors on these properties." However, **in light of the fact that the Property has**

26  **been sold, and the Adjacent Property will soon be sold pursuant to the relief from stay**

27  **obtained by Northern Trust, Hestrin's Motion for Substantive Consolidation is now moot and**

28  **should therefore be denied.**

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX: (818) 547-3100

5

It is clear that Hestrin's filing of his individual Chapter 11 petition less than two hours prior to the scheduled trustee's sale is simply another attempt by Hestrin to hinder and delay Bank's efforts to foreclose on the Property. The mortgage payments are now nearly a year past due, as Hestrin failed to make the payment due on July 1, 2010 and all payments due thereafter. After making only one adequate protection payment, Galaxy defaulted on all other payments required by the Court's April 11th Interim Order. Despite having a full month in which to seek modification of the Court's order granting relief from stay, Galaxy failed to file any motion or declaration requesting that the automatic stay be reinstated. Instead, Hestrin filed an individual Chapter 11 less than two hours before the Trustee's Sale was to take place and inexplicably claims that that filing, along with his Motion for Substantive Consolidation, is sufficient to invalidate the Court's May 26th Order granting relief as to the record owner of the Property, Galaxy.

**2.     SUBSTANTIVE CONSOLIDATION IS NOT PROPER, AS NEITHER FACTOR UNDER THE TEST ADOPTED BY THE NINTH CIRCUIT IS PRESENT HERE.**

In *In re Bonham*, 229 F.3d 750 (9th Cir. 2000), the Ninth Circuit applied a test adopted by the Second Circuit for determining whether substantive consolidation is proper: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." *In re Bonham*, 229 F.3d 750, 766 (9th Cir. 2000) (quoting *In re Reider*, 31 F.3d 1102, 1107 (11th Cir. 1994)). The presence of either factor is a sufficient ground for substantive consolidation. *Id.* However, as noted by the *Bonham* court, substantive consolidation should be used "sparingly". *Id.* at 767 (quoting *In re Flora Mir Candy Corp.*, 432 F.2d 1060, 1062-63 (2d Cir. 1970).

**i.     CREDITORS DID NOT DEAL WITH HESTRIN AND GALAXY AS A SINGLE ECONOMIC UNIT.**

The first factor is not present here, as Bank did not deal with Galaxy at all prior to the filing of Galaxy's bankruptcy. Hestrin is the primary obligor on the Note which is secured by a first deed of trust on the Property. Galaxy is not a guarantor or otherwise obligated on the Note. In 2008,

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX: (818) 547-3100

1   Hestrin transferred the Property to Beemer Trust, and thereafter in March 2010, Beemer Trust

2   transferred the Property to Galaxy. Said transfers were done without the knowledge and consent of

3   Bank. In an attempt to persuade the Court that the first factor under the substantive consolidation

4   test has been met, Hestrin states that he is personally liable for repayment of the secured debts on all

5   properties owned by Galaxy, and that no lender would provide loans to Galaxy without requiring a

6   guaranty executed by Hestrin. While it is true that Hestrin is liable for repayment of the debts on the

7   properties owned by Galaxy, this is not due to creditors treating Galaxy and Hestrin as a single

8   economic unit or disregarding their separate identities in extending credit. Galaxy was never an

9   obligor on the loan extended by Bank, **Bank never dealt with Galaxy prior to its bankruptcy, and**

10  **Bank relied solely upon the credit of Hestrin in extending the loan to Hestrin**. Hestrin simply

11  transferred his properties to Galaxy without the knowledge or consent of his creditors, such as Bank.

12  His doing so does not satisfy the first factor under the test for substantive consolidation.

ii.     **THE AFFAIRS OF HESTRIN AND GALAXY ARE NOT SO**
        **ENTANGLED THAT CONSOLIDATION WILL BENEFIT ALL**
        **CREDITORS.**

16      Likewise, the second factor is also not present. The Ninth Circuit stated in *Bonham* that

17  "[c]onsolidation under the second factor, entanglement of the debtor's affairs, is
    justified only where 'the time and expense necessary even to attempt to unscramble
18  them [is] so substantial as to threaten the realization of any net assets for all the
    creditors' or where no accurate identification and allocation of assets is possible."
19

20  *In re Bonham*, 229 F.3d 750, 766 (9th Cir. 2000) (quoting *In re Augie/Restivo Baking Co.*, 860 F.2d

21  515, 519 (2d Cir. 1988) (emphasis added).

22      According to Galaxy's Amended Schedules, it owns four parcels of real property. As far as

23  Bank is aware, Hestrin is obligated on mortgage loans secured on two of the properties. However,

24  under California anti=deficiency laws, a trustee sale such as the one conducted by Bank on June

25  10th, completely exonerates Hestrin from this debt. Given the small number of properties involved,

26  and the fact that the debt owed to Bank is now exonerated, it can hardly be said that the time and

27  expense necessary to attempt to unscramble Hestrin's affairs from Galaxy's is so substantial as to

28  threaten the realization of any net assets for their creditors.

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800 FAX: (818) 547-3100

7

1    Neither factor under the substantive consolidation test is present here. It is clear that Hestrin

2    filed his Chapter 11 petition on June 10th solely in an attempt to thwart the imminent trustee sales of

3    the Property and Adjacent Property. Galaxy failed to request that the Court modify its May 26th

4    Order granting relief from stay, and Hestrin is disingenuously attempting to have his last-minute

5    bankruptcy filing somehow reinstate the automatic stay as to the Property.

6    **3.    SUBSTANTIVE CONSOLIDATION WOULD NOT FACILITATE**

7    **HESTRIN'S REORGANIZATION UNDER CHAPTER 11.**

8    The Property is a financial burden to Galaxy, as evidenced by the fact that no payments have

9    been made to Bank for nearly one year (except one adequate protection payment in April 2011), and

10   Galaxy has also failed to pay delinquent property taxes on the Property in the amount of $52,609.66.

11   Moreover, in its Schedules, Galaxy reported negative income for both 2010 and 2011.

12   In any event, there is no equity in the Property, as the amount owed on the Note is

13   $1,436,440.07 and the Property was appraised at a value of $925,000.00. (*See* Bank's Motion for

14   Relief from Stay filed on March 9, 2011). Thus, the Property is not necessary for an effective

15   reorganization.

16   It is apparent from Hestrin's inability to make payments to Bank for the past year and from

17   the information set forth in his Schedules, that a reorganization is unlikely. Hestrin lists his monthly

18   income as $9,300.00 in his Schedules, and a monthly net income of $2,180.00, which does not take

19   into account the monthly loan payments on the Property, Adjacent Property, or any property (*see*

20   line 1 of Hestrin's Schedule J, attached to the Declaration of Karen Blume as Exhibit "6"). Even if

21   substantive consolidation were ordered, it is unclear how Hestrin would be able to make payments

22   on his loan obligations on Galaxy's properties. There is no evidence in Hestrin's Schedules or

23   elsewhere that a plan of reorganization is imminent (or even possible).

24   "(i)t is not enough for a debtor to argue that the automatic stay should continue
     because it needs the secured property in order to propose a reorganization. If this
25   were the test all property held by debtors could be regarded as necessary for the
     debtor's reorganization. The key word under Code s 362(d)(2)(B) is "effective"; the
26   property must be necessary to an effective reorganization. If all the debtor can offer at
     this time is high hopes without any financial prospects on the horizon to warrant a
27   conclusion that a reorganization in the near future is likely, it cannot be said that the
     property is necessary to an "effective" reorganization." *La Jolla Mortgage Fund v.*

28

GRAHAM · VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX: (818) 547-3100

8

*Rancho El Cajon Associates*, 18 B.R. 283 (Bankr. S.D. Cal. 1982) (quoting *In re Clark Tech. Associates, Ltd.*, 9 B.R. 738, 740 (Bankr. Conn. 1981).

The Property is not necessary to an effective reorganization of Hestrin, the Property has been foreclosed on and is not available for reorganization, and this Motion for Substantive Consolidation should be denied.

**4.    CONCLUSION.**

For the reasons set forth herein, Bank respectfully requests that this Court deny Debtor's Motion for Substantive Consolidation of Related Chapter 7 Bankruptcy Case.

Dated:  June 14, 2011                                **GRAHAM VAAGE LLP**

By: *Ann G. Lee*
_____
**Susan L. Vaage**
**Ann G. Lee**
Attorneys for Creditor
Pacific Capital Bank, N.A.

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800 FAX: (818) 547-3100

Opposition of Creditor Pacific Capital Bank, N.A. to Debtor's Motion for Substantive Consolidation of Related Chapter 7 Bankruptcy Case

## DECLARATION OF KAREN BLUME IN SUPPORT OF OPPOSITION TO DEBTOR'S

## MOTION FOR SUBSTANTIVE CONSOLIDATION

I, Karen Blume, hereby declare and state as follows:

1.    I am Assistant Vice President and Collection Manager in the Delinquency Management Unit of Pacific Capital Bank, N.A. ("Bank"), creditor in this action, and have been so employed by Bank for more than 10 years. Bank is the holding company of Santa Barbara Bank & Trust, and at all times referenced herein was and is doing business as Santa Barbara Bank & Trust. The matters set forth in this declaration are known to me to be true of my own personal knowledge except for those matters which are set forth on information and belief, and as to those matters, I believe them to be true.

2.    Bank is a National Association, with its headquarters located in Santa Barbara, California. My duties with the Bank include the servicing and collection of loans made by the Bank and its various Banks, including the mortgage loan at issue in this case made by Santa Barbara Bank & Trust. I am authorized by the Bank to make this declaration and am offering it in support of Bank's Opposition to Debtor's Motion for Substantive Consolidation of Related Chapter 7 Bankruptcy Case.

3.    I am one of Bank's custodians of records having primary responsibility for the mortgage loan which is the subject of Bank's claim in this Bankruptcy. As indicated above, I know the following facts of my own personal knowledge or have gained knowledge of the facts through the business records of Bank and if called upon to do so, could and would competently testify thereto, as I am familiar with the business records of Bank, as set forth below, and this declaration is based on records maintained by Bank.

4.    Part of my job responsibilities with Bank includes the supervision and administration of Bank's loans which are currently in default, such as that which is the subject of Bank's secured claim. In the course of performing those responsibilities, I personally prepare and maintain Bank's records, and additionally, supervise the preparation and maintenance of Bank's records relating to extensions of credit by Bank to its borrowers. I have personally performed such duties and responsibilities with regard to the mortgage loan which is the subject of Bank's claim.

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX: (818) 547-3100

5.      In said capacity, and in the course and scope of such duties and responsibilities, I have become personally familiar with the manner of creation, as well as the procedures involved in the preparation and maintenance of Bank's records as they relate to all aspects of lending, and in particular, the preparation of lines of credit, credit agreements, promissory notes, guarantees, Bank ledgers, loan credit reports, disbursement orders, correspondence, and all similar documentation in the Bank's credit files prepared concerning extensions of credit by the Bank to its loan customers, as well as the collection of extensions of credit which are not paid.

6.      The Bank's account records are maintained on its computer system, in the manner customarily used by the Banking industry as set forth in Paragraph 7 below.  The system used by the Bank on all of its mortgage loans of the type herein is accurate and is the system relied upon by the Bank in retention and retrieval of information for the purpose of processing and supervising these types of loans.  The computer records are periodically audited by various Pacific Capital Bank departments in accordance with Bank's policy and in order to assure their accuracy.  Bank and its record system are also periodically audited by federal regulators for the same reasons, i.e., to verify their accuracy.

7.      In a mortgage loan of this type and terms, an account payment book is generated by the Bank's computer, then mailed to the Debtor with monthly payment coupons.  It is the Bank's normal business practice that when a payment is received, either accompanied by an account payment coupon or otherwise identified to a particular loan, the payment is posted to the credit of the account by the close of business on the day on which it is received; this information is entered into the Bank's computer, which is programmed to receive the information and monitor payments, credit payments, and reconcile the lease account in compliance with the terms of the applicable agreement.  The computer is capable of compiling the information into a variety of printouts, including an account history and an account summary, for analysis by the Bank's employees.

8.      I have personally been involved in the attempted collection of sums due under the mortgage loan which is the subject of this claim and I am personally familiar with Debtor's account and Bank's records pertaining to it.

9.      Bank's books, records, files and other documents, some of which are attached hereto

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800 FAX: (818) 547-3100

11

1  as Exhibits, were prepared by employees of the Bank pursuant to their regular job responsibilities

2  and the Bank's regular business practices, involving negotiated extensions of credit, documenting

3  the terms of the final agreements concerning the extensions of credit, and maintaining subsequent

4  payment records with regard to extensions of credit, including the extension of credit to Debtor

5  herein. The information contained in the Bank's records reflects both information compiled by the

6  Bank concerning the extension of credit which is the subject of this claim herein as well as

7  representations made by the Debtor to the Bank concerning said extension of credit, as well as

8  documents actually supplied by the Debtor to the Bank with regard to said extension of credit, and

9  the payment history maintained in the Bank's computer system.

10      10.    On or about March 7, 2008, Mark A. Hestrin ("Hestrin") executed an Interest-Only

11  Period Adjustable Rate Note ("Note") in favor of Bank for a mortgage loan in the principal sum of

12  $1,365,000.00. Said Note was secured by a first priority position Deed of Trust ("Deed") on the real

13  property commonly known as 1278 Spring Road, Santa Barbara, CA 93108 ("Property"). Hestrin

14  defaulted on the Note in that he has failed to make the payment due on July 1, 2010 and all payments

15  due thereafter.

16      11.    On or about March 17, 2008, Hestrin transferred the Property to Beemer Trust.

17  Thereafter, on or about March 26, 2010, Beemer Trust transferred the Property to Galaxy

18  Administration, LLC (hereinafter "Galaxy"). Said transfers of the Property were done without the

19  knowledge and consent of Bank, as is required under the loan documents.

20      12.    Galaxy was never an obligor on the Note, Bank never dealt with Galaxy prior to its

21  bankruptcy, and Bank relied solely upon the credit of Hestrin in extending the loan to Hestrin.

22      13.    A Trustee's Sale of the Property was scheduled to take place on January 19, 2011.

23      14.    On that same date, January 19, 2011, Galaxy filed a Chapter 7 Petition in the U.S.

24  Bankruptcy Court for the Central District of California, Case No. 1:11-bk-10755-GM, which

25  prevented the Trustee's Sale from going forward. Said bankruptcy was dismissed on February 10,

26  2011, as a result of Debtor's failure to file its schedules.

27      15.    Thereafter, Bank scheduled a Trustee's Sale of the Property to take place on February

28  16, 2011. On that same date, February 16th, Galaxy again filed a Chapter 7 Petition, Case No. 1:11-

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX: (818) 547-3100

Opposition of Creditor Pacific Capital Bank, N.A. to Debtor's Motion for Substantive Consolidation of Related Chapter
7 Bankruptcy Case

1    bk-11977-GM, which prevented the Trustee's Sale from going forward.

2        16.    On January 27, 2011, Hestrin, as an individual plaintiff, filed a lawsuit against Bank
3    and the foreclosure trustee in Santa Barbara County Superior Court, claiming lender violation of the
4    non-judicial foreclosure laws. In his state court Complaint, Hestrin claimed that he was the owner of
5    the Property, and that it was his primary residence – contrary to Galaxy's assertions in its bankruptcy
6    proceeding wherein Galaxy claimed to be the owner of the Property and represented to the Court that
7    the Property was not the residence of Hestrin. Bank demurred to Hestrin's state court Complaint.
8    One day before the hearing on the demurrer, Hestrin dismissed the state court action after reviewing
9    the court's tentative ruling to sustain Bank's demurrer as to all causes of action. A true and correct
10    copy of the state court's tentative ruling is attached hereto, marked Exhibit "1".

11        17.    On March 9, 2011, Bank filed a Motion for Relief from the Automatic Stay in
12    Galaxy's bankruptcy proceeding, which was set for hearing on April 6, 2011.

13        18.    On April 11, 2011, the Court entered an Interim Order Granting Motion for Relief
14    from the Automatic Stay (hereinafter "Interim Order"), requiring Galaxy to make the following
15    payments: one payment in the amount of $6,825.00 to Bank's counsel on or before April 15, 2011;
16    payment of the real property tax installment due on April 10, 2011; and one payment of $6,825.00 to
17    Bank's counsel at the continued hearing on Bank's Relief from Stay Motion on May 11, 2011. A
18    true and correct copy of the Court's Interim Order is attached hereto, marked Exhibit "2".

19        19.    Galaxy failed to pay the real property tax installment due on April 10, 2011, and
20    failed to deliver a cashier's check for $6,825.00 to Bank's counsel at the continued hearing on May
21    11, 2011, in violation of the Court's Interim Order. As a result, the Court granted relief from the
22    automatic stay, but ordered that the trustee's sale could not take place before June 10, 2011. The
23    Order granting relief from stay, entered on May 26, 2011, noted that the filing of the petition by
24    Galaxy was part of a scheme to delay, hinder and defraud creditors that involved transfer of
25    ownership of the Property without the consent of the secured creditor and multiple bankruptcy
26    filings affecting the Property. A true and correct copy of said Order granting relief from stay is
27    attached hereto, marked Exhibit "3". Galaxy did not file any motion, declaration, or other document
28    seeking to modify the Court's Order granting relief from stay. Bank has advanced the funds to pay

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX: (818) 547-3100

13

1    the delinquent property taxes owed on the Property.

2        20.    On June 10, 2011, Bank proceeded with the Trustee's Sale of the Property, pursuant

3    to the Order granting relief from stay, and the Property was sold to Bank.

4        21.    On June 10, 2011, Hestrin filed an individual Chapter 11 Petition at approximately

5    11:16 a.m., less than two hours prior to the Trustee's Sale of the Property. On that same date,

6    Hestrin's counsel faxed a letter to Bank's counsel giving notice of Hestrin's bankruptcy filing and

7    stating that "it is our belief that the automatic stay protects Debtors' four properties from foreclosure

8    action", without citing any authority for their position that an individual bankruptcy filing by Hestrin

9    could somehow stop the foreclosure sale as to the Property owned by Galaxy, for which Bank had

10    already obtained relief from stay.

11        22.    Bank became aware that Hestrin's counsel attempted to halt the Trustee's Sale by

12    informing the foreclosure trustee of Hestrin's individual bankruptcy filing. Hestrin's last-minute

13    bankruptcy filing did not stop the Trustee's Sale, as Hestrin is not the record owner of the Property,

14    and relief from the automatic stay had been granted as to the owner, Galaxy, one month prior to the

15    sale. Hestrin's bankruptcy Schedules, executed under penalty of perjury, indicate that he owns no

16    real property. A true and correct copy of Hestrin's Schedule A is attached hereto, marked Exhibit

17    "4".

18        23.    On the afternoon of June 10, 2011, Hestrin's counsel faxed a letter to Bank's counsel,

19    demanding that the trustee's sale be rescinded, or a motion alleging willful violation of the

20    automatic stay would be filed. Bank's counsel responded in writing, explaining that the foreclosure

21    sale was authorized in light of the Order granting relief from stay, which Galaxy did not seek to

22    modify. Moreover, there is no claim that the Property belongs to the individual, Hestrin. It is

23    owned by the entity, Galaxy, and has not been transferred. There was no knowing violation of the

24    stay by Bank, counsel for Bank, or the foreclosure trustee, as the stay had already been lifted when

25    the sale took place. In light of the May 26th Order granting relief from stay and the fact that title is

26    held in the name of Galaxy (not Hestrin), Bank was entitled to proceed with the foreclosure sale.

27        24.    The Property is a financial burden to Galaxy, as evidenced by the fact that no

28    payments have been made to Bank for nearly one year (except one adequate protection payment in

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800   FAX: (818) 547-3100

14

1 │ April 2011), and Galaxy has also failed to pay delinquent property taxes on the Property in the

2 │ amount of $52,609.66. Moreover, in its Schedules, Galaxy reported negative income for both 2010

3 │ and 2011. A true and correct copy of the relevant portion of Galaxy's Statement of Financial Affairs

4 │ is attached hereto, marked Exhibit "5".

5 │      25.   In any event, there is no equity in the Property, as the amount owed on the Note is

6 │ $1,436,440.07 and the Property was appraised at a value of $925,000.00. (*See* Bank's Motion for

7 │ Relief from Stay filed on March 9, 2011). Thus, the Property is not necessary for an effective

8 │ reorganization.

9 │      26.   It is apparent from Hestrin's inability to make payments to Bank for the past year and

10 │ from the information set forth in his Schedules, that a reorganization is unlikely. Hestrin lists his

11 │ monthly income as $9,300.00 in his Schedules, and a monthly net income of $2,180.00, which does

12 │ not take into account the monthly loan payments on the Property, Adjacent Property, or any property

13 │ (*see* line 1 of Hestrin's Schedule J). True and correct copies of Hestrin's Schedules I and J are

14 │ attached hereto, marked Exhibit "6".

15 │      27.   Bank requests that Debtor's Motion for Substantive Consolidation be denied.

16 │      I declare under penalty of perjury under the laws of the State of California that the

17 │ foregoing is true and correct.

18 │      Executed this 14th day of June, 2011 at Camarillo, California

19 │

20 │                     *KBlume*

21 │                     Karen Blume, Declarant

22 │

23 │

24 │

25 │

26 │

27 │

28 │

*GRAHAM • VAAGE LLP*
*500 NORTH BRAND BOULEVARD, SUITE 1030*
*GLENDALE, CALIFORNIA 91203*
*(818) 547-4900  FAX: (818) 547-3100*

Opposition of Creditor Pacific Capital Bank, N.A. to Debtor's Motion for Substantive Consolidation of Related Chapter
7 Bankruptcy Case

TOTAL P.02

**EXHIBIT 1**

# CIVIL LAW & MOTION

| Mark Hestrin vs Santa Barbara Bank & Trust NA et al ||
|---|---|
| **Case No:** | 1373814 |
| **Hearing Date:** | Wed May 04, 2011 9:30 |

**Nature of Proceedings:** (2) Demurrer

Matter(s):
    03-17-11 Demurrer - Notice of Demurrer and Demurrer by TD Service Company to
Complaint; Memo. of P's and A's; HRG: 05/04/11 @ 9:30 am in Dept. 4, Filed by TD
Service Company
    03-25-11 Demurrer -Notice of Demurrer and Demurrer by Santa Barbara Bank & Trust
NA to Complaint etc; Hrg 05-04-2011, Filed by Santa Barbara Bank & Trust NA

Issues Presented:
Deed of Trust; Notice of Default; Substitution of Trustee; Notice of Trustee Sale; Non-
Judicial Foreclosure Statutes; Unfair Business Practices; Intentional Misrepresentation;
Slander of Title

{Tentative} Findings:
BACKGROUND:
On March 7, 2008, plaintiff Mark A. Hestrin executed and delivered to defendant Santa
Barbara Bank & Trust, N.A. ("SBB&T") a note in the amount of $1,365,000 secured by a
deed of trust on his personal residence located at 1278 Spring Road in Santa Barbara.
The deed of trust listed PCB Service Corporation as trustee and SBB&T as beneficiary
(lender). Plaintiff subsequently fell behind in his payments and on September 16, 2010,
defendant T.D. Service Company ("TDSC") recorded a notice of default on the property. At
the time the notice of default was recorded, no substitution of trustee in favor of TDSC had
been recorded or provided to plaintiff, although a substitution was mailed to plaintiff on
October 21, 2010 and recorded on October 22, 2010. On December 23, 2010, TDSC
recorded and served a notice of trustee sale.
On January 27, 2011, plaintiff filed suit to enjoin SBB&T and TDSC from conducting a
trustee sale of the property. Plaintiff contends that defendants have no right to conduct a
sale because they did not follow the non-judicial foreclosure procedures set forth in Civil
Code Section 2920 et seq. Specifically, plaintiff contends that TDSC lacked the authority to
issue the notice of default because it was not listed as the trustee on the deed of trust and
no substitution of trustee was recorded prior to the notice of default. The complaint alleges
causes of action for violation of the non-judicial foreclosure statutes (Civil Code §2920 et
seq.), unfair business practices (Business & Professions Code §17200), intentional
misrepresentation, and slander of title.
SBB&T and TDSC have filed separate demurrers to the complaint. Both defendants
contend that the complaint, and each and every cause of action, fails to state facts

sufficient to constitute a cause of action against defendants.

ANALYSIS:

When it appears on the face of a complaint that the pleading fails to state facts sufficient to constitute a cause of action, the defendant may object by demurrer. Code of Civil Procedure §430.10(e). A demurrer tests the legal sufficiency of the complaint by raising issues of law, not fact, regarding the form or content of the pleading. Donabedian v. Mercury Insurance Company (2004) 116 Cal.App.4th 968, 994. In reviewing the sufficiency of a cause of action against a demurrer, the court assumes the truth of all facts properly pleaded by the plaintiff, but not the truth of "contentions, deductions, or conclusions of law or fact, and may disregard allegations that are contrary to the law or to facts which may be judicially noticed." Black v. Department of Mental Health (2000) 83 Cal.App.4th 739, 745. The court must also construe the allegations of the complaint liberally and should not sustain the demurrer if the complaint can be construed to state a cause of action. Parker v. Board of Trustees (1966) 242 Cal.App.2d 614, 617. If the demurrer is sustained, leave to amend is normally granted unless the complaint shows on its face that it is incapable of amendment. Goodman v. Kennedy (1976) 18 Cal.3d 335, 349.

Defendants challenge plaintiff's first cause of action for violation of the non-judicial foreclosure statutes. Plaintiff's first cause of action alleges that the trustee sale is improper because TDSC did not record a substitution of trustee until after the notice of default was recorded. However, Civil Code Section 2924(a)(1) does not require that the trustee of record sign the notice of default. Rather, it expressly provides that the notice of default may be signed and recorded by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents. . . ." (emphasis added). Further, Civil Code Section 2934a(c) authorizes the substitution of trustee to take place after the notice of default but prior to the recording of the notice of sale so long as a copy of the substitution is mailed prior to or concurrently with the recording of the notice of sale and an affidavit to that effect is attached to the substitution. Section 2934a(c) provides:

"If the substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries or their authorized agents shall cause a copy of the substitution to be mailed, in the manner provided in Section 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision."

Here, the notice of default (Complaint, Exhibit B) states on page 2 that TDSC is "the authorized agent for the beneficiary" under the deed of trust. Thus, as SBB&T's designated agent, TDSC was authorized to sign the notice of default pursuant to Civil Code Section 2924(a)(1). In addition, the substitution of trustee (Defendants' Request for Judicial Notice, Exhibit A), which substituted TDSC in place of PCB Service Corporation as trustee under the deed of trust, shows on its face that it was recorded on October 22, 2010, more than eight weeks before the notice of trustee sale was recorded on December 23, 2010 (Complaint, Exhibit C). Accordingly, the substitution of trustee was authorized under Civil Code Section 2934a(c). Plaintiff cites the case of Pro-Value Properties, Inc. v. Quality Loan Services Corporation (2009) 170 Cal.App.4th 579 in support of his first cause of action, but Pro-Value is distinguishable from the present case. In Pro-Value, no substitution of trustee was recorded at any time, either before the notice of default or before the notice of trustee sale, which is not the case here. TDSC complied with Civil Code Section 2934a(c) by recording the substitution of trustee prior to the notice of sale. The

demurrers of SBB&T and TDSC to the first cause of action are therefore sustained.
Defendants next demur to plaintiff's second cause of action for alleged unfair business
practices under Business & Professions Code Section 17200. A claim under Section
17200 requires the violation of an independent law or statute. See, People v. McKale
(1979) 25 Cal.3d 626, 631-532 (an unlawful or unfair business activity includes anything
that can properly be called a business practice and that at the same time is forbidden by
law). In this case, the only alleged statutory violation by TDSC was in failing to record the
substitution of trustee prior to the recording of the notice of default. However, as noted
above, Civil Code Section 2934a(c) allows the substitution of trustee to be recorded after
the recording of the notice of default so long as the substitution is recorded prior to the
notice of trustee sale. Because there was no statutory violation by TDSC, at least none
alleged in the complaint, the pleading requirement for a Section 17200 claim has not been
satisfied and the demurrers to the second cause of action are sustained.
Defendants also demur to plaintiff's third cause of action for intentional misrepresentation.
The elements of a cause of action for intentional misrepresentation, or fraud, are (1) a false
representation of a material fact by defendant, (2) knowledge of its falsity, (3) intent to
defraud, (4) justifiable reliance, and (5) resulting damage. Engalla v. Permanente Medical
Group, Inc. (1997) 15 Cal.4th 951, 974. In California, fraud must be pled with specificity as
general or conclusory allegations will not suffice. Hills Transportation Company v.
Southwest Forest Industries, Inc. (1968) 266 Cal.App.2d 702, 707. This specificity
requirement necessitates pleading facts which show "how, when, where, to whom, and by
what means the representations were tendered." Lazar v. Superior Court (1996) 12
Cal.4th 631, 645. Where the fraud cause of action is asserted against a corporation, as in
this case, the plaintiff's burden is even greater as the complaint must allege "the names of
the persons who made the allegedly fraudulent representations, their authority to speak, to
whom they spoke, what they said or wrote, and when it was said or written." Tarmann v.
State Farm Mutual Auto Insurance Company (1991) 2 Cal.App.4th 153, 157.
The only reference to defendants in plaintiff's third cause of action is the incorporated
allegation that TDSC executed the notice of default prior to filing the substitution of trustee.
However, as previously indicated, plaintiff's allegation is based upon a misreading of the
foreclosure statutes as Civil Code Section 2934a(c) expressly provides that a substitution
of trustee may be recorded and served after the recording of the notice of default. The
complaint also contains no allegation concerning any sort of misrepresentation by
defendants or that plaintiff relied upon a purported representation to his detriment. The
complaint also does not meet the specificity requirement for a cause of action for fraud
against SBB&T and TDSC, both corporate defendants. The demurrers to the third cause
of action are therefore sustained.
Lastly, defendants demur to plaintiff's fourth cause of action. In the fourth cause of action,
plaintiff accuses TDSC of slander of title by recording and serving the non-judicial
foreclosure documents, including the notice of default and notice of trustee sale. However,
Civil Code Section 2924(d) provides that "[t]he mailing, publication, and delivery of notices
as required by this section" and the "[p]erformance of the procedures set forth in this
article" constitute "privileged communications." A privileged communication is defined in
Civil Code Section 47(b) as one made "[i]n any (1) legislative proceeding, (2) judicial
proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or
course of any other proceeding authorized by law. . . ." Since, as a matter of law, the
processing of non-judicial foreclosure documents by a trustee is expressly privileged
pursuant to Civil Code Section 2924(d), it cannot give rise to a cause of action for slander

of title and the demurrers to the fourth cause of action are sustained.

{Tentative} Ruling:
SBB&T's demurrer and TDSC's demurrer to plaintiff's first, second, third, and fourth
causes of action are sustained. Plaintiff must file any amended complaint within 10 days of
the date of this order.

---

© 2008 Santa Barbara County Superior Court

**EXHIBIT 2**

<table>
<tr><td colspan="2">

| | FILED & ENTERED |
</td></tr>
</table>

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Susan L. Vaage, SBN 83125
Ann G. Lee, SBN 252412
Graham Vaage LLP
500 N. Brand Blvd., #1030
Glendale, CA 91203
(818) 547-4800 (phone)
(818) 547-3100 (fax)
svaage@grahamvaagelaw.com
alee@grahamvaagelaw.com

FOR COURT USE ONLY

**FILED & ENTERED**

APR 11 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ogier        DEPUTY CLERK

☒ *Attorney for Movant, Pacific Capital Bank, N.A.*
☐ *Movant(s) appearing without attorney*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** ___San Fernando Valley___ **DIVISION**

In re:

GALAXY ADMINISTRATION, LLC

CASE NO.: 1:11-bk-11977-GM

CHAPTER: 7

**INTERIM ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY) AND HEARING CONTINUED TO MAY 11, 2011 AT 9:30 A.M. IN COURTROOM 303**

DATE: 4/6/11
TIME: 9:30 a.m.
COURTROOM: 303
PLACE: 21041 Burbank Blvd., 3rd Floor, Woodland Hills, CA

Debtor(s).

**MOVANT:** _____ Pacific Capital Bank, N.A. _____

1. The Motion was:    ☒ Opposed        ☐ Unopposed        ☐ Settled by stipulation

2. The Motion affects the following real property ("Property"):

   *Street Address:* ___1278 Spring Road___
   *Unit Number:*
   *City, State, Zip Code:* ___Santa Barbara, CA 93108___

   Legal description or document recording number (including county of recording):
   2008-0014110 (Santa Barbara County)

   ☐ See attached page.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                          Page 1                          **F 4001-1.ORDER.RP**

3.  The Motion is granted under:  ☐ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4.  As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a.  ☐ Terminated as to Debtor(s) and Debtor(s') bankruptcy estate.
    b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.  ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
    applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the
    estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6.  Movant shall not conduct a foreclosure sale before the following date (specify): _____

7.  ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment
    to this Order.

8.  ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after
    entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without
    prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to
    the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's
    secured claim after entry of this Order.

9.  ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
    ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured
    creditor or court approval.
    ☐ multiple bankruptcy filings affecting the Property.
    If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is
    binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the
    Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent
    bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown,
    after notice and a hearing.  Any federal, state or local governmental unit that accepts notices of interests or liens in
    real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a.  ☐ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any
    other chapter of the Bankruptcy Code.
    b.  ☐ The 14-day stay provided by FRBP 4001(a)(3) is waived.
    c.  ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-
    10-ER).
    d.  ☐ See attached continuation page for additional provisions.
###

DATED: April 11, 2011                    _____
                                          United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                    Page 2                    F 4001-1.ORDER.RP

# ADEQUATE PROTECTION ATTACHMENT

*(This Attachment is the continuation page for Paragraph 7 of the Order on the Motion.)*

The stay shall remain in effect subject to the following terms and conditions:

1. ☐ The Debtor(s) tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor(s) shall make regular monthly payments in the amount of $__see Paragraph 11__ commencing _____. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder shall be paid to Movant at the following address:

   _____

   _____

   _____

   _____

3. ☒ The Debtor(s) shall cure the postpetition default computed through _____ in the sum of $_____ __see Paragraph 11__ as follows:

   a. ☐ In equal monthly installments of $_____ each commencing _____ and continuing thereafter through and including _____.

   b. ☐ By paying the sum of $_____ on or before _____,

   c. ☐ By paying the sum of $_____ on or before _____,

   d. ☐ By paying the sum of $_____ on or before _____,

   e. ☒ Other:  see Paragraph 11

4. ☐ The Debtor(s) shall maintain insurance coverage on the property and shall remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor(s) shall file a Disclosure Statement and Plan on or before *(specify date):* _____
   Disclosure Statement shall be approved on or before *(specify date):* _____
   The Plan shall be confirmed on or before *(specify date):* _____

6. ☐ Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor(s), and any attorney for Debtor(s). If Debtor(s) fails to cure the default within 14 days after service of such written notice, plus 3 additional days unless the written notice of default was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B):

   a. ☐ The stay shall automatically terminate without further notice, hearing or order.

   b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with Local Bankruptcy Rules.

   d. ☐ The Movant may move for relief from the stay on regular notice.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                Page 3                        **F 4001-1.ORDER.RP**

7.  ☐  Notwithstanding anything contained herein to the contrary, the Debtor(s) shall be entitled to a maximum of _____ (number) notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor(s) has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor(s) with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

8.  ☐  The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor(s).

9.  ☐  If Movant obtains relief from stay based on Debtor's(s') defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by FRBP 4001(a)(3).

10.  ☐  Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

11.  ☒  Other (specify):

(a)  On or before April 15, 2011, Debtor shall pay the regular monthly loan payment due to Pacific Capital Bank, N.A. in the amount of $6,825.00 by delivering a cashier's check in that amount to Ann G. Lee, counsel for Pacific Capital Bank, N.A., at 500 N. Brand Blvd., #1030, Glendale, CA 91203.

(b)  On or before April 10, 2011, Debtor shall pay by cashier's check or other certified funds, the real property tax installment due on April 10, 2011 for the subject Property in the amount of $7,881.25, or such other amount as is due on April 10, 2011. Debtor shall promptly provide a copy of said payment to Ann G. Lee, counsel for Movant.

(c)  If the above payments are timely made, the hearing on the Motion for Relief from Automatic Stay is continued to May 11, 2011 at 9:30 a.m.

(d)  Debtor shall deliver a cashier's check for $6,825.00 to Movant's counsel at the continued hearing on May 11, 2011.

(e)  If Debtor fails to timely make any of the above payments, Movant shall file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 4                          F 4001-1.ORDER.RP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

500 N. Brand Blvd., #1030, Glendale, CA 91203

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

II.  <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served):
On _____4/6/11_____,I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**<u>DEBTOR</u>**
Galaxy Administration, LLC
PO Box 261070
Encino, CA 91426

**<u>ATTORNEY FOR DEBTOR</u>**
Gene W. Choe
3699 Wilshire Blvd., Suite 720
Los Angeles, CA 90010

**<u>TRUSTEE</u>**
Nancy J. Zamora (TR)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071

**<u>U.S. TRUSTEE</u>**
United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                              Page 5                                    **F 4001-1.ORDER.RP**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/6/11 | Liz Marquez | /s/ Liz Marquez |
|--------|-------------|------------------|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                   Page 6                        **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____4/6/11_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Gene W Choe   maria@choicelaw.org
- Ann G Lee   alee@grahamvaagelaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Nancy J Zamora (TR)   zamora3@aol.com, nzamora@ecf.epiqsystems.com

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**DEBTOR**
Galaxy Administration, LLC
PO Box 261070
Encino, CA 91426

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                        Page 7                                **F 4001-1.ORDER.RP**

**EXHIBIT 3**

**FILED & ENTERED**

**MAY 26 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY najarian  DEPUTY CLERK

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Susan L. Vaage, SBN 83125
Ann G. Lee, SBN 252412
Graham Vaage LLP
500 N. Brand Blvd., #1030
Glendale, CA 91203
(818) 547-4800 (phone)
(818) 547-3100 (fax)
e-mail:svaage@grahamvaagelaw.com
e-mail: alee@ grahamvaagelaw.com

FOR COURT USE ONLY

☒ Attorney for Movant, Pacific Capital Bank, N.A.
☐ Movant(s) appearing without attorney

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** _____San Fernando Valley_____ **DIVISION**

| | |
|---|---|
| In re:<br><br>GALAXY ADMINISTRATION, LLC | CASE NO.: 1:11-bk-11977-GM<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: 5/11/11<br>TIME: 9:30 a.m.<br>COURTROOM: 303<br>PLACE: 21041 Burbank Blvd., 3rd Floor, Woodland Hills, CA |
| Debtor(s). | |

**MOVANT:** _____ Pacific Capital Bank, N.A. _____

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property ("Property"):

    Street Address: _____1278 Spring Road_____
    Unit Number:
    City, State, Zip Code: _Santa Barbara, CA 93108_

Legal description or document recording number (including county of recording):
2008-0014110 (Santa Barbara County)

☐ See attached page.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                      Page 1                            **F 4001-1.ORDER.RP**

3.  The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
                                  ☒ 11 U.S.C. § 362(d)(4)

4.  As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a.  ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b.  ☒ Annulled retroactively to the date of the bankruptcy petition filing.
    c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.  ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
       applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the
       estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6.  Movant shall not conduct a foreclosure sale before the following date (specify):  June 10, 2011

7.  ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment
       to this Order.

8.  ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after
       entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without
       prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to
       the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's
       secured claim after entry of this Order.

9.  ☒ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

       ☒ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured
          creditor or court approval.

       ☒ multiple bankruptcy filings affecting the Property.

    If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is
    binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the
    Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent
    bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown,
    after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in
    real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

    a.  ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any
           other chapter of the Bankruptcy Code.
    b.  ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
    c.  ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-
           10-ER).
    d.  ☐ See attached continuation page for additional provisions.

###

        DATED: May 26, 2011                    _____
                                               United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                Page 2                        F 4001-1.ORDER.RP

# ADEQUATE PROTECTION ATTACHMENT

*(This Attachment is the continuation page for Paragraph 7 of the Order on the Motion.)*

The stay shall remain in effect subject to the following terms and conditions:

1. ☐ The Debtor(s) tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor(s) shall make regular monthly payments in the amount of $_____ commencing
   _____. The amount of these payments may be subject to change under the terms of the parties'
   original agreements. All payments due Movant hereunder shall be paid to Movant at the following address:

   _____

   _____

   _____

   _____

3. ☐ The Debtor(s) shall cure the postpetition default computed through _____ in the sum of
   $_____ as follows:

   a. ☐ In equal monthly installments of $ _____ each commencing _____ and
      continuing thereafter through and including _____.

   b. ☐ By paying the sum of $ _____ on or before _____,

   c. ☐ By paying the sum of $ _____ on or before _____,

   d. ☐ By paying the sum of $ _____ on or before _____,

   e. ☐ Other:

4. ☐ The Debtor(s) shall maintain insurance coverage on the property and shall remain current on all taxes that fall due
   postpetition with regard to the property.

5. ☐ The Debtor(s) shall file a Disclosure Statement and Plan on or before *(specify date):* _____
   Disclosure Statement shall be approved on or before *(specify date):* _____
   The Plan shall be confirmed on or before *(specify date):* _____

6. ☐ Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor(s),
   and any attorney for Debtor(s). If Debtor(s) fails to cure the default within 14 days after service of such written
   notice, plus 3 additional days unless the written notice of default was served by personal delivery or posting as
   described in F.R.Civ.P. 5(b)(2)(A)-(B):

   a. ☐ The stay shall automatically terminate without further notice, hearing or order.

   b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a
      proposed order terminating the stay, which the Court may grant without further notice or hearing.

   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with Local
      Bankruptcy Rules.

   d. ☐ The Movant may move for relief from the stay on regular notice.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                    Page 3                                    **F 4001-1.ORDER.RP**

7. ☐ Notwithstanding anything contained herein to the contrary, the Debtor(s) shall be entitled to a maximum of _____ (number) notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor(s) has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor(s) with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

8. ☐ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor(s).

9. ☐ If Movant obtains relief from stay based on Debtor's(s') defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by FRBP 4001(a)(3).

10. ☐ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

11. ☐ Other (specify):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                              Page 4                              **F 4001-1.ORDER.RP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

500 N. Brand Blvd., #1030, Glendale, CA 91203

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____5/11/11_____,I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
Galaxy Administration, LLC
PO Box 261070
Encino, CA 91426

**ATTORNEY FOR DEBTOR**
Gene W. Choe
3699 Wilshire Blvd., Suite 720
Los Angeles, CA 90010

**TRUSTEE**
Nancy J. Zamora (TR)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, CA 90071

**U.S. TRUSTEE**
United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_October 2010_                                    Page 5                                    **F 4001-1.ORDER.RP**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/11/11 | Liz Marquez | /s/ Liz Marquez |
|---------|-------------|-----------------|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____5/11/11_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Gene W Choe   maria@choicelaw.org
- Ann G Lee   alee@grahamvaageclaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Nancy J Zamora (TR)   zamora3@aol.com, nzamora@ecf.epiqsystems.com

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**DEBTOR**
Galaxy Administration, LLC
PO Box 261070
Encino, CA 91426

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 4**

B6A (Official Form 6A) (12/07)

In re   **Mark Allan Hestrin**                                                                      Case No. _____
                                                      _____,
                                                              Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | 0.00 | (Total of this page) |
| Total > | 0.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**EXHIBIT 5**

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re    **Galaxy Administration, LLC**                               Case No.    **1:11-bk-11977**

                                    Debtor(s)                             Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$-13,960.50** | **2011 YTD: Debtor Business Income** |
| **$-83,763.00** | **2010: Debtor Business Income** |

---

**2. Income other than from employment or operation of business**

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

            AMOUNT                     SOURCE

**EXHIBIT 6**

B6I (Official Form 6I) (12/07)

In re  **Mark Allan Hestrin**                                                                Case No. _____
                                      Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Physicians** | |
| Name of Employer | **Independent Contractor** | |
| How long employed | **28** | |
| Address of Employer | | |

INCOME:  (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a.  Payroll taxes and social security | $ | 0.00 | $ | N/A |
|     b.  Insurance | $ | 0.00 | $ | N/A |
|     c.  Union dues | $ | 0.00 | $ | N/A |
|     d.  Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 7,800.00 | $ | N/A |
| 8. Income from real property | $ | 1,500.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 9,300.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 9,300.00 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 9,300.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  __Mark Allan Hestrin_____    Case No.  _____
                                             Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

[ ]  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 0.00 |
| a. Are real estate taxes included?    Yes ___    No _X_ | | |
| b. Is property insurance included?    Yes ___    No _X_ | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ 650.00 |
| b. Water and sewer | | $ 375.00 |
| c. Telephone | | $ 220.00 |
| d. Other  __See Detailed Expense Attachment__ | | $ 1,000.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 380.00 |
| 4. Food | | $ 675.00 |
| 5. Clothing | | $ 100.00 |
| 6. Laundry and dry cleaning | | $ 60.00 |
| 7. Medical and dental expenses | | $ 175.00 |
| 8. Transportation (not including car payments) | | $ 350.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 150.00 |
| 10. Charitable contributions | | $ 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 310.00 |
| b. Life | | $ 250.00 |
| c. Health | | $ 685.00 |
| d. Auto | | $ 180.00 |
| e. Other  __See Detailed Expense Attachment__ | | $ 945.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)  _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 0.00 |
| b. Other  _____ | | $ 0.00 |
| c. Other  _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other  __Homeowners Association__ | | $ 590.00 |
| Other  _____ | | $ 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)        $ 7,120.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---:|
| a.  Average monthly income from Line 15 of Schedule I | | $ 9,300.00 |
| b.  Average monthly expenses from Line 18 above | | $ 7,120.00 |
| c.  Monthly net income (a. minus b.) | | $ 2,180.00 |

B6J (Official Form 6J) (12/07)

In re    __Mark Allan Hestrin_____    Case No. _____
                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| Internet and Cable | $ | 250.00 |
| House Gas | $ | 360.00 |
| Trash Collection | $ | 65.00 |
| Cell Phone | $ | 325.00 |
| **Total Other Utility Expenditures** | $ | 1,000.00 |

**Other Insurance Expenditures:**

| | | |
|---|---|---|
| Disability Insurance | $ | 300.00 |
| Pet Insurance (2 Pets) | $ | 55.00 |
| Homeowners Association Fees | $ | 590.00 |
| **Total Other Insurance Expenditures** | $ | 945.00 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
500 N. Brand Blvd., #1030, Glendale, CA 91203

A true and correct copy of the foregoing documents described as: ***OPPOSITION OF CREDITOR PACIFIC CAPITAL
BANK, N.A. TO DEBTOR'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF RELATED CHAPTER 7
BANKRUPTCY CASE***  will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner indicated below:
Chambers of the Honorable Geraldine Mund, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367 (via Federal
Express)

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On **6/14/11,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

- Gene W Choe    maria@choicelaw.org
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **6/14/11,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class,
postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a
declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or
entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/14/11 | Liz Marquez | /s/ Liz Marquez |
|---------|-------------|-----------------|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                **F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

**DEBTOR**
Mark Allan Hestrin
5925 Normandy Drive
Calabasas, CA 91302

**ATTORNEY FOR DEBTOR**
Gene W. Choe
3699 Wilshire Blvd., Suite 720
Los Angeles, CA 90010

**U.S. TRUSTEE**
United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

**ATTORNEY FOR U.S. TRUSTEE**
S. Margaux Ross
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367